IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

Walter Clayton Ruff, Jr.,                    )        Civil Action No. 8:12-3522-MGL
                                              )
            Plaintiff,                        )
                                              )
                                              )
      v.                                      )        **O R D E R**
Sergeant Matt Bowers, Captain Wesley )
Boland, Investigator Nick Bouknight,         )
and Newberry County Sheriff James           )
Lee Foster,                                   )
                                              )
            Defendants.                       )
_____)

      This matter is before the Court for review of the  Magistrate Judge's Report and

Recommendation ("Report") (ECF No. 35) filed on February 5, 2014, recommending that

Defendants' Motion for Summary Judgment (ECF No. 19) be granted.  The Report sets

forth in detail the relevant procedural history and the standards of law applicable to this

matter, which the Court incorporates and summarizes them herein.  For the reasons

articulated below, the Court accepts the Magistrate Judge's recommendations and grants

Defendants' Motion for Summary Judgment.

## I.  BACKGROUND

      Plaintiff Walter Clayton Ruff, Jr. ("Plaintiff'), who is represented by counsel,  seeks

relief under 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  Plaintiff

asserts federal causes of action for alleged violations of his First, Fourth, and Fourteenth

Amendment Rights as well as state law causes of action for Malicious Prosecution, Abuse

of Process and Civil Conspiracy arising out of his arrest on February 14, 2008, for resisting

arrest and possession of marijuana and cocaine.[1]  Plaintiff seeks an award of damages.

Defendants deny Plaintiff's allegations and filed a Motion for Summary Judgment.  (ECF

Nos. 10 & 19).  Plaintiff filed a response on June 26, 2013.  (ECF No. 26).

On February 5, 2014, the Magistrate Judge issued a Report.  (ECF No. 35).  In the

Report, the Magistrate Judge concluded that Defendants had not violated Plaintiff's

constitutional rights and recommended that the Court grant Plaintiff's Motion for Summary

Judgment as to Plaintiff's constitutional claims.    The Magistrate Judge further

recommended that the Court decline to exercise supplemental jurisdiction over any claims

asserted under state law.  *See* 28 U.S. C. § 1367(c)(3).  Upon review, the Magistrate Judge

recommended granting Defendants' motion.  Plaintiff filed timely objections on February

17, 2014.  (ECF No. 36).

## II.  STANDARD OF REVIEW

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule

73.02 for the District of South Carolina.  "The Court is not bound by the recommendation

of the magistrate judge but, instead, retains responsibility for the final determination."

*Wallace v. Hous. Auth.*, 791 F.Supp. 137, 138 (D.S.C.1992) (*citing Matthews v. Weber*, 423

U.S. 261, 271, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976)).  The Court is charged with making

a *de novo* determination of those portions of the Report to which specific objections are

made, and the Court may accept, reject, or modify, in whole or in part, the Magistrate

Judge's recommendation or recommit the matter with instructions.   *See* 28 U.S.C.

§ 636(b)(1).

---

[1]All charges were Nolle Prosequi on April 27, 2012.

"In the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (*quoting* Fed.R.Civ.P. 72 advisory committee's note). Objections to the Report must be specific. In the absence of specific objections to the Report, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983). Furthermore, failure to timely file specific written objections to the Report results in a party's waiver of his right to appeal the judgment of the District Court based on such a recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Schronce, 727 F.2d 91 (1984). On February 17, 2014, Plaintiff timely filed objections to the Report. (ECF No. 36).

## III. DISCUSSION

The Court has carefully reviewed Plaintiff's objections and finds that his objections are merely restatements of his position as set forth in his response to Defendants' motion for summary judgment. The Magistrate Judge has already conducted an analysis of these arguments, and Plaintiff fails to specifically argue where the Magistrate Judge erred in that analysis. In the absence of specific objections, this Court need not explain its reasons for adopting the recommendation. Therefore the objections lack the specificity to trigger *de novo* review and will not be addressed.

## IV. CONCLUSION

3

Therefore, after a thorough review of the Report, the record in the case and the applicable law, the Court finds Plaintiff's objections are without merit.  Accordingly, the Court adopts the Report and incorporates it herein.  It is ORDERED that Defendants' Motion for Summary Judgment is GRANTED as to Plaintiff's federal claims.  Any remaining state law claims contained in Plaintiff's complaint against Defendants are dismissed.

IT IS SO ORDERED.


/s/ Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
February 18, 2014